UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REBECCA A. SMALL and
LAWRENCE W. SMALL,

Plaintiffs,

v. Case No: 2:12-cv-476-FtM-PAM-MRM

AMGEN, INC., PFIZER, INC. and
WYETH, INC.,

Defendants.
_____________________________________/

**ORDER**

Pending before the Court is Plaintiffs' Motion for Sanctions Under F.R.C.P. [sic] 37(b) for Failing to Comply with the Court's Omnibus Order on Discovery (ECF #174) (Doc. 203) and Defendants' expedited response in opposition thereto (Doc. 206). Upon expedited consideration of the parties' briefing and argument, being otherwise fully informed, and in light of the time-sensitive nature of the relief requested, the Court hereby **DENIES** Plaintiffs' Motion (Doc. 203) for the reasons set forth below.

In short, Plaintiffs seek an array of alternative sanctions under Fed. R. Civ. P. 37(b) based upon Defendants' alleged failure to comply with this Court's September 28, 2016 Omnibus Discovery Order (Doc. 174). For all its sound and fury, however, Plaintiffs' Motion fails—utterly—to identify any actual violation of this Court's prior orders by Defendants. In the absence of any actual failure by Defendants to comply with a court order, sanctions are not available under Fed. R. Civ. P. 37(b). *See* Fed. R. Civ. P. 37(b)(2)(A) (requiring a failure "to obey an order to provide or permit discovery" as a precondition to ordering sanctions); *see also United States v. CMC II, LLC*, No. 8:11-cv-1303-T-23TBM, 2016 WL 3128359, at *5 (M.D. Fla.

Apr. 22, 2016) (McCoun, J.) (citing *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989) for the proposition that a party seeking sanctions under Fed. R. Civ. P. 37(b) must make a *prima facie* showing that the other party violated a discovery order).

In support of their Motion, Plaintiffs rely entirely upon the following excerpt from this Court's Omnibus Discovery Order overruling Defendants' objection to producing any discovery that post-dates the 1998 FDA approval of Enbrel:

> The Court is not persuaded by Defendants' arguments as to the proposed temporal limitation. Merely because Enbrel was designed and received FDA approval in or before 1998 does not preclude the possibility that documents and information generated after 1998 might also be (1) relevant to the Plaintiffs' surviving design defect, manufacturing defect, and express warrant claims, and (2) proportional to the needs of the case. Therefore, the Court overrules Defendants' objection to producing discovery that post-dates the 1998 approval of Enbrel by the FDA **based on the temporal limitation alone**. **Subject to any of the limitations set forth in this Order**, Defendants must produce any post-1998 documents and information that are **otherwise relevant**, **proportional to the needs of the case**, **and responsive to Plaintiffs' discovery requests**. This includes, but is not limited to, otherwise **relevant**, **proportional**, and **responsive documents** (**subject to any of the limitations in this Order**) that were submitted to European regulatory authorities after 1998. (*See* Doc. 168 at 54-55). Such production shall occur within thirty (30) days from the date of this Order. Based on the information before the Court at this time, the Court cannot conclude that such documents are irrelevant to the surviving claims and defenses in this case or disproportional to the needs of the case.

(Doc. 203 at 1-2 (quoting Doc. 174 at 39; emphasis added)). Plaintiffs ignore, however, the several material caveats that the Court took great care to include within its ruling as reflected in the emphasized text above: *i.e.*, (1) that the Court overruled Defendants' objection to producing post-1998 discovery *based on the temporal limitation alone*; (2) that the Court's ruling as to that objection was also *subject to any of the other limitations* set forth in the Omnibus Discovery Order relating to the litany of other objections that the Court ultimately sustained; (3) that the documents must be *relevant* to a claim or defense; (4) that the documents must be *proportional*

to the needs of the case; and (5) that the documents must actually be *responsive to Plaintiffs' discovery requests*.

It bears repeating that the Court's resolution of the discovery disputes addressed in the Omnibus Discovery Order was unduly complicated and delayed by, *inter alia*, Plaintiffs' failure to comply with this Court's Local Rules concerning the presentation of issues on a motion to compel discovery (*see* Doc. 174 at 8 n.5) and the pervasive overbreadth and lack of reasonable particularity that characterized virtually all – if not all – of Plaintiffs' voluminous written discovery requests (*see id.* at 9 n.6). For that reason, the Court endeavored to make it abundantly clear to the parties – and especially to Plaintiffs' counsel – that even though the Court rejected Defendants' proposed temporal limitation on discovery based solely on the date the FDA approved the prescription biologic at issue in this case, the Court's ruling on that issue was nevertheless still subject to the other discovery limitations imposed by the Omnibus Discovery Order, the bounds of relevance, considerations of proportionality, and actual responsiveness to Plaintiffs' outstanding discovery requests. (*See* Doc. 174 at 39). Plaintiffs' apparent inability to discern these unequivocal limitations from the plain language of the Omnibus Discovery Order is, quite frankly, befuddling.

It also warrants commenting that because the parties previously argued the temporal limitation issue generally and not in context of any specific document request(s), (*see* Doc. 129 at 8), the Court's ruling in the excerpted portion of the Omnibus Discovery Order was also not tethered to any specific document request(s), (*see* Doc. 174 at 39). The Court did not – because it could not, given the manner in which Plaintiffs chose to present the matter – order Defendants to produce any specifically identified documents or categories of documents in response to any particular document request(s). Rather, the Court resolved the parties' general dispute

concerning the temporal limitation issue. Thereafter, the parties had the burden of ascertaining what, *if any*, document discovery would have to occur under Plaintiffs' then-propounded, voluminous discovery requests, subject to all of the other limitations the Court outlined in the Omnibus Discovery Order.

For present purposes, Plaintiffs' Motion also fails to identify the specific discovery request(s), *if any*, in response to which Defendants were allegedly required to produce documents by operation of the Omnibus Discovery Order. (*See generally* Doc. 203). By extension, therefore, Plaintiffs' Motion also fails to identify any way in which Defendants actually violated the Omnibus Discovery Order. Having failed to make that predicate showing, Plaintiffs are not entitled to any sanction against the Defendants under Fed. R. Civ. P. 37(b).

Additionally, Plaintiffs complain that Dr. Janet Iles' recent deposition testimony identified "sources of information that might contain documents relevant to Plaintiffs [sic] remaining claims" and "several custodians who may have knowledge relevant to Plaintiff's [sic] remaining claims." (Doc. 203 at 5). Plaintiffs then leap to the conclusion that because Defendants did not produce these sources of information or any files from the identified custodians, Defendants failed to comply with the Omnibus Discovery Order. (*Id.* at 5-6). Plaintiffs' logic is flawed. Crucially, Plaintiffs fail to identify any specific discovery request(s) to which this document discovery would actually have been responsive, taking into account *all* of the Court's rulings in the Omnibus Discovery Order. Without such a showing, the Court cannot accept Plaintiffs' conclusory assumption that this discovery is, in fact, responsive to any previously propounded discovery request or that Defendants violated the Omnibus Discovery Order by failing to produce the discovery. As importantly, Plaintiffs fail to explain how any of the documents and information they describe are otherwise (1) relevant to any of the remaining

claims and defenses in this case and (2) proportional to the needs of the case. With regard to custodial files, moreover, the Court agrees with Defendants that the Omnibus Discovery Order expressly required Plaintiffs to propound more reasonably particularized, relevant, and proportional discovery requests after conducting Dr. Isles' deposition. (*See* Doc. 174 at 24-25)

The Court specifically *rejects* Plaintiffs' assertions that (1) "[b]ecause the Court's [Omnibus Discovery Order] was based on a motion to compel, a new motion to compel is not necessary" (Doc. 203 at 5); (2) "[g]iven the Court's ruling [in the Omnibus Discovery Order], the burden was on Defendants to produce responsive documents and there was nothing more needed of Plaintiff [sic]" (*id.* at 6); and (3) "Defendants were on notice of the Court's order in response to Plaintiffs' motion to compel and Plaintiff [sic] was not required to redraft and re-serve document requests" (*id.*). These assertions are far more revealing of Plaintiffs' recalcitrant discovery practices than they are of any alleged discovery misconduct by Defendants.

Under the circumstances presented here, the Court finds that Plaintiffs and Defendants were *jointly* obligated to confer regarding the net effect of the Omnibus Discovery Order on Plaintiffs' outstanding discovery requests. It appears to the Court from the email correspondence provided by both parties that Defendants' good-faith attempts to confer were frustrated by Plaintiffs' counsel's refusal to engage in a meaningful discussion. (*See* Docs. 203-1, 206-2). Plaintiffs could not sit back and do nothing to further the parties' good-faith conference on these issues, *especially* given the pervasive overbreadth of Plaintiffs' document requests and the foreseeable need to reformulate many of those requests to conform to the Omnibus Discovery Order.

Moreover, if the parties could not agree on the effect of the Omnibus Discovery Order on any particular discovery request(s), Plaintiffs' obvious recourse was either (1) to promptly and

timely file a motion to compel in compliance with the Omnibus Discovery Order concerning those discovery request(s) and for sanctions and/or (2) to promptly and timely propound reasonably particularized, relevant, and proportional discovery requests that conformed to *all* of the requirements of the Omnibus Discovery Order after Dr. Iles' deposition. Defendants are absolutely correct that the Omnibus Discovery Order *required* Plaintiffs to do the latter with regard to custodial files. (*See* Doc. 174 at 24-25). Plaintiffs elected not file a motion to compel and their court-ordered deadline for doing so has now expired. (*See* Doc. 183 at 1). Based upon Plaintiffs' insistence that they were not required to reformulate any of their discovery requests, (Doc. 203 at 6), the Court presumes that Plaintiffs also elected not to pursue more reasonably particularized, relevant, and proportional discovery requests by the December 1, 2016 deadline imposed by the presiding District Judge, (*see* Doc. 187 at 2).

Additionally, although Plaintiffs clearly disclaim that their Motion constitutes a motion to compel (*see* Doc. 203 at 5), one of the lesser alternative sanctions Plaintiffs propose includes ordering production of the documents and allowing Plaintiffs to re-notice depositions accordingly (*see* Doc. 203 at 8). The Court construes this demand as an alternative motion to compel, which must be denied because Plaintiffs have yet again failed to comply with M.D. Fla. R. 3.04(a) despite the Court's repeated admonitions that Plaintiffs must strictly adhere to this Court's Local Rules. (*See, e.g.*, Doc. 174 at 9 n.6).

Lastly, for the reasons argued by the Defendants, the Court finds that Plaintiffs have yet again failed to comply meaningfully with M.D. Fla. R. 3.01(g) before filing their Motion. The Motion is, therefore, due to be denied in its entirety for that reason alone. (*See* Doc. 174 at 9 n.6).

Based upon all of the foregoing considerations and being otherwise fully informed in the premises, the Court **ORDERS** that:

1. Plaintiffs' Motion for Sanctions Under F.R.C.P. [sic] 37(b) for Failing to Comply with the Court's Omnibus Order on Discovery (ECF #174) (Doc. 203) is **DENIED**.

2. The Court, in the exercise of its discretion, declines to award any fees or costs in connection with Plaintiffs' Motion. The parties shall each bear their own fees and costs associated with Plaintiffs' Motion.

**DONE AND ORDERED** in Fort Myers, Florida on December 14, 2016.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties