**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | | |
|---|---|---|
| **REBECCA A. SMALL and** | ) | |
| **LAWRENCE W. SMALL** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **C.A. No.: 2:12-CV-00476-FTM-MRM** |
| **v.** | ) | |
| | ) | |
| **AMGEN INC., *et al*.,** | ) | |
| **Defendants.** | ) | |
| | ) | |

**NOTICE OF PLAINTIFFS' CHAPTER 7 BANKRUPTCY PROCEEDING**

Defendants Amgen Inc. ("Amgen"), Wyeth, Inc. ("Wyeth") and Pfizer, Inc. ("Pfizer") (collectively, "Defendants") submit this notice to apprise the Court of certain facts recently disclosed to Defendants which could potentially impact this action. Specifically, Defendants note as follows:

1. Plaintiffs Lawrence and Rebecca Small filed this action on August 29, 2012.

2. On December 28, 2012 (the "Petition Date"), Plaintiffs filed a Voluntary Petition under Chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"). *See In re Lawrence and Rebecca Small*, Case No. 9:12-bk-19355 (Bankr. M.D. Fla.). On December 23, 2013, an order was entered by the Bankruptcy Court confirming Plaintiffs' Chapter 13 Plan. *Id.* at Dkt. No. 34.

3. Unbeknownst to Defendants, Plaintiffs filed a Notice of Voluntary Conversion to Chapter 7 on September 30, 2016. *See id.* at Dkt. No. 39. The Bankruptcy Court then entered an Order Governing Procedures After Conversion to Chapter 7 Case (the "Order") and a Notice of

Conversion of the Plaintiffs' case to a Chapter 7 proceeding (collectively with the Notice of Voluntary Conversion to Chapter 7, the "Notices") on October 3, 2016. *Id.* at Dkt. Nos. 42 and 43. The Defendants did not receive notice of the Notices or the Order. *Id.* at Dkt. Nos. 39, 45, and 46.

4. On December 12, 2016 – more than two months after Plaintiffs converted their bankruptcy case to a Chapter 7 proceeding – Plaintiffs' counsel notified Defendants' counsel of the conversion and stated that: "We have been confirmed by the Trustee to continue representation in this matter." *See* Ex. A hereto, at p. 2.

5. Pursuant to 11 U.S.C. §§ 348(f)(1) and 541(a), the claims asserted in this case are part of the Chapter 7 bankruptcy estate (the "Estate") because they were asserted prior to the Petition Date. *See also Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1292 (11th Cir. 2003) (citing 11 U.S.C. § 541(a)) (property of bankruptcy estate includes all potential causes of action that exist at the time petitioner files for bankruptcy).

6. Defendants understand that the Chapter 7 conversion may deprive Plaintiffs of standing to prosecute this action in their own name, and that the bankruptcy trustee should be substituted as the Plaintiff in this action. *See Barger*, 348 F.3d at 1292 (citing *Wieburg v. GTE Southwest Incorporated,* 272 F.3d 302, 306 (5th Cir. 2001) (holding that the Chapter 7 trustee was the real party in interest with the exclusive standing to assert any claims that were property of the bankruptcy estate)). Plaintiffs' counsel has declined the suggestion of Defendants' counsel that such a substitution be made, stating without any authority that there "is no implication concerning substituting his name." *See* Ex. A, at p. 1. Defendants do not yet know whether this representation is accurate.

7. Defendants also understand that the Bankruptcy Court must approve the appointment of Plaintiffs' counsel as counsel for the Estate. *See* 11 U.S.C. § 327(e). To the best of Defendants' knowledge, no such approval has been obtained from the Bankruptcy Court, although the Chapter 7 trustee has filed an Application to Employ Plaintiffs' counsel as special counsel in this case. Bankr. Dkt. No. 51.

8. Defendants have not yet ascertained whether the facts set forth above impact this matter, but believed it appropriate to notify the Court of this matter at the earliest opportunity.

Respectfully submitted,

Dated: December 15, 2016

By: /s/ David S. Johnson
David S. Johnson
Florida Bar No. 96423
SHOOK, HARDY & BACON L.L.P.
100 North Tampa Street, Suite 2900
Tampa, Florida 33602
Telephone: (813) 202-7100
Facsimile: (813) 221-8837
Email: ddjohnson@shb.com

William P. Geraghty
Florida Bar No. 89508
SHOOK, HARDY & BACON L.L.P
Miami Center, Suite 3200
201 S. Biscayne Boulevard
Miami, Florida 33131-4332
Telephone: (395) 358-5171
Email: wgeraghty@shb.com

Alvin F. Lindsay
Florida Bar No. 939056
HOGAN LOVELLS US LLP
200 S. Biscayne Boulevard, Suite 400
Miami, FL 33130
Telephone: (305) 459-6500
Fax: (305) 459-6550
Email: alvin.lindsay@hoganlovells.com

Lauren S. Colton (admitted *pro hac vice*)
HOGAN LOVELLS US LLP

100 International Drive Suite 2000
Baltimore, MD 21202
Telephone: (410) 659-2700
Fax: (410) 659-2701
Email: lauren.colton@hoganlovells.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 15, 2016, a true and correct copy of the foregoing was filed using the Court's CM/ECF system which will send a notification to all attorneys of record.

/s/ David S. Johnson______
*Counsel for Defendants*



606984 v1